**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VINCENT CARTER,

       Petitioner,                                    Case No. 04-CV-74564-DT
                                                              Honorable Denise Page Hood

v.

HUGH WOLFENBARGER,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S**
**MOTION FOR CERTIFICATE OF APPEALABILITY**
**AND GRANTING PETITIONER'S APPLICATION**
**TO PROCEED *IN FORMA PAUPERIS***

      Petitioner, Vincent Carter, is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, pursuant to convictions for felony murder, armed robbery, and possession of a firearm during the commission of a felony. On November 27, 2006, this Court issued an opinion and order granting Petitioner a conditional writ of habeas corpus regarding his ineffective assistance of counsel claim, and ordered the State to release Petitioner from custody unless he was retried within ninety (90) days of the date of the order. Before the Court now is Petitioner's motion for certificate of appealability regarding his remaining claims not addressed by the Court.[1] Petitioner also requests leave to proceed *in forma pauperis*. For the

---

[1] In its November 27, 2006 Opinion, the Court discussed the facts relevant to the resolution of the claim on which Petitioner was granted habeas relief. Petitioner was granted a new trial on his ineffective assistance of counsel claim. As a result, the Court found it unnecessary to address his remaining claims. *Haynes v. Burke*, 115 F. Supp. 2d 813, 820 (E.D. Mich. 2000) (Hood, J.); *French v. Jones*, 41 F. Supp. 2d 726, 735 (E.D. Mich. 1999) (Tarnow, J.).

following reasons, the Court declines to issue a certificate of appealability and further grants the Petitioner's application to proceed on appeal without prepayment of fees and costs.

I.

Generally, an appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. *Id.* at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the following reasons, the Court finds that reasonable jurists could not find the decision of this Court debatable or wrong. Therefore, the Court declines to issue Petitioner a certificate of appealability.

II.

On November 16, 2004, Petitioner filed his petition for writ of habeas corpus, presenting eight grounds for relief in his petition. This Court addressed Petitioner's sixth claim, finding that Petitioner was denied his Sixth Amendment right to effective assistance of counsel, thereby conditionally granting Petitioner's writ of habeas corpus. Because the Court concluded that Petitioner was entitled to habeas relief on that claim, the Court considered it unnecessary to review Petitioner's other claims. It is axiomatic that Respondent would appeal the Court's decision to the Sixth Circuit Court of Appeals, and the Sixth Circuit Court of Appeals could reverse this Court's finding regarding Petitioner's ineffective assistance of counsel claim. In that case, the Sixth Circuit Court of Appeals would likely remand Petitioner's case to this Court, and then Petitioner's remaining claims would be addressed by the Court.

Accordingly, pursuant to *Slack*, *supra*, the Court concludes that Petitioner has not established that jurists of reason would find it debatable whether this Court was correct in its decision.

III.

Regarding Petitioner's application to proceed *in forma pauperis*, the Court will grant the application. In general, the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* Although the Court finds that a certificate of appealability should not issue, the Court concludes that an appeal in this case may be taken in good faith.

IV.

Accordingly, the Court declines to issue a certificate of appealability and further grants Petitioner's application to proceed on appeal without prepayment of fees and costs.

**IT IS SO ORDERED.**

S/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: January 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager