**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VINCENT CARTER,

        Petitioner,                            Case No. 04-CV-74564-DT
                                                 Honorable Denise Page Hood

v.

HUGH WOLFENBERGER,

        Respondent.

_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S
MOTION FOR STAY PENDING APPEAL
AND
DENYING MOTION FOR IMMEDIATE RELEASE</u>**

Petitioner, Vincent Carter, is a state inmate currently incarcerated at the St. Louis

Correctional Facility in St. Louis, Michigan, pursuant to convictions for felony murder, armed

robbery, and possession of a firearm during the commission of a felony.  On November 27, 2006,

this Court issued an opinion and order granting Petitioner a conditional writ of habeas corpus

and ordered the State to release the Petitioner from custody unless he was retried within ninety

days of the date of the order.  Before the Court now is Respondent's motion to stay the order

pending appeal.

Federal Rule of Appellate Procedure 23 (c) provides that, while a decision ordering the

release of a prisoner is on appeal, "the prisoner must–unless the court or judge ordering the

decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court

orders otherwise–be released on personal recognizance, with or without surety." *Id.*  The United

States Supreme Court has held that this rule "undoubtedly creates a presumption of release from

custody in such cases.  *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).  That presumption,

however, may be overcome in the district court judge's discretion.  *Id.*  The United States

Supreme Court in *Hilton* has held that a federal court should consider the following factors in

deciding whether to stay an order granting habeas corpus relief pending appeal:

> (1) whether the stay applicant has made a strong showing that he is
> likely to succeed on the merits; (2) whether the applicant will be
> irreparably injured absent a stay; (3) whether issuance of the stay
> will substantially injure the other parties interested in the
> proceeding; and (4) where the public interest lies.

*Id.* at 776.

A federal district court may also consider "[t]he State's interest in continuing custody and

rehabilitation pending a final determination of the case on appeal . . .; it will be strongest where

the remaining portion of the sentence to be served is long, and weakest where there is little of the

sentence remaining to be served."  *Hilton*, *supra* at 777.  In the pending case, Petitioner was

sentenced to nonparolable life imprisonment for the felony murder conviction, and two years

imprisonment for the felony-firearm conviction.  The remaining portion of his sentence to be

served is long.

With respect to the remaining *Hilton* factors, the Court notes, on one hand, that Petitioner

may be injured by his continued confinement pursuant to a conviction this Court has found to be

constitutionally infirm.  On the other hand, it would be a waste of judicial resources for the

appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State

to retry Petitioner.

Considering the factors enumerated in *Hilton*, the Court holds that a stay pending appeal

is appropriate in this case.

Accordingly, IT IS ORDERED that Respondent's motion for stay pending appeal is

GRANTED **[Docket No. 35, filed December 21, 2006 and Docket No. 37, filed December 28,**

**2006]** and this Court's Opinion and Order Granting Petitioner a Conditional Writ of Habeas

Corpus is STAYED PENDING DISPOSITION OF THE APPEAL currently in the United States

Court of Appeals for the Sixth Circuit.  The Court grants the stay without prejudice to

Petitioner's right to request reconsideration at a later date or to file a motion for bond pending

appeal.

      IT IS FURTHER ORDERED that, unless a new trial is scheduled within FORTY-FIVE

(45) DAYS of the issuance of the mandate by the Sixth Circuit Court of Appeals favorable to

Petitioner, Petitioner must be released.

      IT IS ORDERED that Petitioner's Motion for Immediate Release **[Docket No. 41, filed**

**February 23, 2007]** is DENIED.


                              s/ DENISE PAGE HOOD
                              DENISE PAGE HOOD
                              UNITED STATES DISTRICT JUDGE


DATED: February 28, 2007


      I hereby certify that a copy of the foregoing document was served upon counsel of record
on February 28, 2007, by electronic and/or ordinary mail.

                              S/William F. Lewis
                              Case Manager