UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARTER,

        Petitioner,                    Case Number: 04-74564

v.                                       HON. DENISE PAGE HOOD

HUGH WOLFENBERGER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR BOND PENDING APPEAL

Petitioner, Vincent Carter, is a state inmate currently incarcerated at the Bellamy Correctional Facility in Ionia, Michigan, pursuant to convictions for felony murder, armed robbery, and possession of a firearm during the commission of a felony. He filed a habeas corpus petition with this Court on December 2, 2004.

On November 27, 2006, the Court issued an opinion and order granting Petitioner a conditional writ of habeas corpus regarding his ineffective assistance of counsel claim. On December 6, 2006, Respondent filed a notice of appeal and Petitioner subsequently filed a notice of cross appeal and a certificate of appealability, which the Court denied on January 23, 2007.

On December 21, 2006, Respondent filed a motion to stay. Petitioner thereafter, on February 23, 2007, filed a motion for immediate release. On February 28, 2007, the Court granted Respondent's motion to stay, and denied Petitioner's motion for immediate release. Now before the Court is Petitioner's motion for bond pending appeal.

I.

Federal Rule of Appellate Procedure 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must – unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). That presumption, however, may be overcome in the district court judge's discretion. *Id.*

A federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal . . . ; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777. In the pending case, Petitioner was sentenced to life imprisonment for the felony-murder conviction, and two years imprisonment for the felony-firearm conviction. Thus, the remaining portion of his sentence to be served is long.

Additionally, a district court may consider "the dangerousness of a habeas petitioner as part of its decision whether to release the petitioner pending appeal." *Id.* at 778.

Having carefully considered Petitioner's criminal history, and his conduct while in prison, the Court exercises its discretion, and denies Petitioner's motion for bond pending appeal.

Accordingly, **IT IS ORDERED** that Petitioner's motion for bond pending appeal is **DENIED**.

**SO ORDERED.**

                                              s/ DENISE PAGE HOOD
                                              DENISE PAGE HOOD
                                              UNITED STATES DISTRICT JUDGE

DATE: April 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2007, by electronic and/or ordinary mail.

                                              S/William F. Lewis
                                              Case Manager