UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARTER, #177803,

        Petitioner,

v.                                                Case Number: 04-CV-74564
                                                Honorable Denise Page Hood

HUGH WOLFENBARGER,

        Respondent.
                                        /

**OPINION AND ORDER ON REMAND
(1) *SUA SPONTE* REOPENING HABEAS CASE, (2) DENYING PETITION FOR WRIT
OF HABEAS CORPUS, AND (3) DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner Vincent Carter, presently confined at the Newberry Correctional Facility in Newberry, Michigan,[1] seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated, the petition will be denied. The Court will also decline to issue Carter a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## I. BACKGROUND

Carter originally filed his habeas petition with this Court on December 2, 2004, challenging his convictions for (1) felony murder, MICH. COMP. LAWS § 750.316, (2) armed robbery, MICH. COMP. LAWS § 750.529, and (3) felony firearm, MICH. COMP. LAWS § 750.227(b), imposed by a

---

[1]Carter was incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan when he originally filed this petition. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). In most cases, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

Detroit Recorder's Circuit Court jury on September 12, 1996. Following those convictions, Carter was sentenced to life imprisonment for the felony-murder conviction, twenty to forty years imprisonment for the armed-robbery conviction (which was vacated), and two years imprisonment for the felony-firearm conviction. Carter raised the following claims in his habeas petition: (1) trial court error in not allowing the jurors to re-hear certain requested testimony, (2) trial court error in ruling on newly discovered evidence, (3) trial court error in assessing eyewitness testimony, (4) trial court error in denying a new trial, (5) ineffective assistance of trial and appellate counsel, (6) cumulative errors, and (7) sentencing errors.

On November 27, 2006, this Court granted Carter a conditional writ of habeas corpus on his ineffective-assistance-of-counsel claims. *Carter v. Wolfenbarger,* No. 04-CV-74564, 2006 WL 3446205 (E.D. Mich. Nov. 27, 2006). Because this Court granted Carter habeas relief on those claims, the Court believed it unnecessary to address his remaining claims.

On October 2, 2009, the United States Court of Appeals for the Sixth Circuit reversed this Court's conditional grant of the writ and remanded the matter for further proceedings. *Carter v. Wolfenbarger*, 347 Fed.App'x 205 (6th Cir. 2009). The Court therefore, *sua sponte*, reopens this proceeding, and, on remand, the Court addresses Carter's remaining claims.[2]

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs habeas corpus review of state court decisions. 28 U.S.C. § 2254(d) states in pertinent part:

---

[2] This Court adopts the statement of facts from Carter's case as recited in its original opinion and order granting habeas relief. *Carter v. Wolfenbarger,* No. 04-CV-74564, 2006 WL 3446205, at *1-4. Those facts were essentially adopted by the Sixth Circuit in its opinion as well. *Carter v. Wolfenbarger,* 347 Fed.App'x at 206-09.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under the "contrary to" clause of § 2254(d)(1), a federal court may grant a writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has decided an issue on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts. *Id.* at 407-08. Relief is also available if the state-court decision unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable." *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state-court decision is "contrary to" or an "unreasonable application" of clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

With that standard in mind, the Court proceeds to the merits of Carter's remaining habeas claims.

### III. DISCUSSION

In this case, federal habeas review is barred because the state court declined to address Carter's federal claims; he failed to meet state-procedural requirements. Carter failed to meet the requirements of Mich.Ct.R. 6.508(D), which provides that a Defendant is not entitled to relief if he could have raised the claims raised in his post-conviction motion in his direct appeal, unless cause for the default and resulting prejudice, or a fundamental miscarriage of justice, is established. Carter asserted numerous claims of ineffective assistance of trial and appellate counsel as cause for his procedural default, or in the alternative, that new evidence established that he was innocent. However, he fails to overcome the presumption that both his trial counsel and appellate counsel were constitutionally sufficient. Furthermore, Carter's claim of new evidence is not credible. Failing to establish cause for the procedural default of his claims or that new evidence established his actual innocence, Carter's claims do not warrant habeas relief.

Federal habeas review is barred where a state court declined to address a petitioner's federal claims because the prisoner failed to meet state-procedural requirements. In such cases the state-court judgment rests on independent and adequate state procedural grounds. *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). In this case, the Michigan appellate courts denied Carter relief because he failed to establish entitlement to relief under Mich.Ct.R. 6.508(D). *People v. Carter*, No. 248630 (Mich.Ct.App. Sept. 4, 2003); *People v. Carter*, 470 Mich. 855, 679 N.W.2d 73 (2004) (Table).

The Sixth Circuit has held that the form order issued by both state appellate courts constitutes the invocation of a state procedural bar. Specifically, the Sixth Circuit stated, "[w]hile

4

the judgment was brief, it was based on an independent and adequate state procedural rule. Since the Michigan Supreme Court was the last state court rendering judgment in the case, its decision denying [Carter's] claims on the basis of a state procedural bar prevents federal habeas review." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Review of Carter's habeas claims is therefore barred by his procedural default unless he can establish cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 72, 81 (1977). Carter's arguments claim ineffective assistance of trial and appellate counsel as reasons for his procedural default of the issues presented. While it is true that attorney error can constitute cause to excuse procedural default, Carter must establish that the claimed attorney error amounted to constitutionally ineffective assistance of counsel to effectively substantiate his ineffectiveness of counsel claims. *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

The United States Supreme Court established a two-prong test for habeas review of ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A habeas petitioner must first show that counsel's performance was deficient, i.e., that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, a habeas petitioner must show that counsel's deficient performance actually prejudiced the defense so as to deprive petitioner of a fair trial. *Id.* at 687. The reviewing court is to presume that counsel is competent and the burden is on petitioner to demonstrate a constitutional violation. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

The same two-prong test is applied to ineffectiveness of appellate counsel claims. It is well-established that appellate counsel is not required to raise every non- frivolous issue, *Jones v.*

*Barnes*, 463 U.S. 745, 751 (1983), and that tactical decisions regarding issues on appeal "are properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1985). "An accused does not have a constitutional right to have his counsel press non-frivolous points requested by his client if counsel decides as a matter of professional judgment not to press these points." *Brown v. Foltz*, 763 F.2d 191, 194 n. 4 (6th Cir. 1985).

At Carter's request, a post-conviction *Ginther*[3] hearing was held on his ineffective assistance of counsel claims. Carter's trial counsel, J. Herbert Larson, was the only witness to testify at the hearing. Against the advice of the trial judge, Carter himself examined the witness at the hearing.

Attorney Larson testified that the defense strategy was to attack the credibility of the prosecution's key witness, Mackin. In support of that defense, Attorney Larson made several discovery requests and sent numerous subpoenas to follow up on the information provided by Carter. Attorney Larson stressed that it was a strategic decision not to introduce grievances filed by Carter because there were details of the murder testified to by Mackin that were not contained in the grievances. The strategy was to present to the jury the idea that Mackin had gotten the details of the murder from reading Carter's grievances and not from any confession that he made to Mackin while they were incarcerated together.

The trial court found no merit in Carter's ineffectiveness claims and held as follows:

> In order to establish ineffective assistance of counsel claims, the law is clear. First, there is a presumption of effective assistance of counsel and the defendant has the burden of proving otherwise. This presumption can be overcome by showing that counsel's performance fell below an objective standard of reasonableness and that the representation by counsel so prejudiced the defendant as to deprive him [of] a fair trial. Where a defendant alleges a specific mistake by counsel resulting in a denial

---

[3]*People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973).

of effective assistance of counsel, the test employed is whether in a trial free of mistake, the defendant would have had a reasonably likely chance of acquittal.

The standard of review for the trial counsel is set forth in *Strickland v Washington*, which held that the following be established in order to mandate reversal under a Sixth Amendment claim of ineffectiveness of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

The Court further noted that judicial scrutiny must be "highly deferential" and held that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's performance at that time."

The Michigan Court of Appeals introduced the *Strickland* standard in *People v Dalessandro*. The Michigan Supreme Court formally adopted the *Strickland* standard for Michigan in *People v Pickens*. Under Michigan law, "counsel's ineffective assistance must be found to have been prejudicial in order to reverse an otherwise valid conviction."

To these ends, defendant has not rebutted the presumption of effective assistance of counsel. The issues of ineffective assistance of counsel complained of by Defendant seem to be part of purposeful trial strategy, rather than counsel mistakes. This Court will not second-guess the strategies of trial counsel.

Furthermore, Defendant raised ineffective assistance of counsel in his appeal of right to the Michigan Court of Appeals. This argument was rejected by the Court of Appeals. An Appellate Court's decision on a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case.

Further, it appears Defendant has added new ineffective assistance of counsel issues to this Motion that were left out of his argument to the Court of Appeals. Defendant had every opportunity to raise any issue he had regarding this claim at that time. Defendant has not shown "good cause" as to why these issues were not raised previously on appeal or "actual prejudice" resulting from the alleged irregularities as required by MCR 6.508(D)(3)(a)(b).

*People v. Carter*, No. 96-002619, at *9-10 (Third Circuit Court, May 21, 2002) (internal citations omitted).

In rejecting Carter's claim that his two appellate counsels were ineffective, the trial court held the following:

> Defendant argues that he was denied effective assistance of both appellate counsels who assisted him in preparing his appeal. It is well established that appellate counsel need not raise all possible claims of error on appeal. In *Jones*, Chief Justice Berger observed: "A brief that raises every colorable issue runs the risk of burying good arguments – those that, in the words of the great advocate John W. Davis,"go for the jugular," – in a verbal mound of strong and weak contentions." He also noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at the most on a few key issues. Justice Jackson's comments located in Advocacy Before the Supreme Court were cited by Justice with approval:
>
>> One of the first tests of a discriminating advocate is to select the question, or questions, that he will present orally. Legal contentions, like the currency, depreciate through over issue. The mind of appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one . . . . [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good cause and will not save a bad one.
>
> Under *Strickland*, *supra*, a defendant bears the burden of proof on showing that counsel provided ineffective representation by establishing that counsel's performance was deficient and that the deficient performance prejudiced the defense. If counsel is constitutionally deficient, then the proper remedy upon finding ineffective assistance of appellate counsel is to grant a new appeal.
>
> Defendant has not met this burden. On the basis of Defendant's assertions, this Court will not second- guess the strategies of appellate counsel employed.

*Carter*, No. 96-002619, at *12-13 (internal citations omitted).

The record reveals that appellate counsel honed three primary appellate issues from this case

to present on appeal. The issues, while not ultimately successful, were well presented and establish that appellate counsel's performance was proficient. Against that backdrop, Carter is not entitled to habeas relief based on his ineffective-assistance-of-trial-and-appellate-counsel claims.

Nor does Carter establish that he is entitled to habeas relief based on his discovery of new evidence. The established standard to apply on habeas review of a claim of new evidence is whether, in light of the new evidence presented, no juror, acting reasonably, would have voted to find Petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "To be credible, such a claim requires [Carter] to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* at 324. First, this Court must determine that the new evidence Carter proffers is indeed new reliable evidence, and second, then the Court may consider the new evidence, along with testimony presented at trial, in conducting a reasonable juror analysis.

Here, Carter offers no reliable new evidence sufficient to excuse his procedural default. His claim of new evidence is supported primarily by an affidavit from eyewitness Shirley Burrell. Burrell was allegedly moved to come forward in 1998, after seeing a flyer requesting information about the crime. She related her eyewitness account to Vanessa White, Carter's fiancée, who then brought the alleged new information to Carter's attention. The state court found it unlikely that, even if Burrell's testimony was admitted in a new trial, that the outcome of the proceedings would have been different. *Carter*, No. 96-002619, at 4. The state court concluded that Carter's argument of actual innocence based on new evidence was without merit. *Id.* Carter offers no new argument, beyond what was presented in state court, that would warrant habeas relief based on this claim. The

9

affidavit of Burrell simply does not demonstrate that no juror, acting reasonably, would have voted to convict Carter beyond a reasonable doubt. Carter fails to establish, through new evidence, his actual innocence and fails to overcome the procedural default of the claims presented in this habeas petition.

## IV. CERTIFICATE OF APPEALABILITY

Before Carter may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed.R.App.P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that. . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. When a court rejects a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that reasonable jurists would not find the

Court's procedural ruling of Carter's claims debatable or wrong. The Court therefore concludes that

Carter has failed to make a valid claim of the denial of a constitutional right as to his remaining habeas claims.

## V. CONCLUSION

For the reasons stated, the Court *sua sponte* reopens this case and **ORDERS** the Clerk of Court to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that the conditional writ of habeas corpus originally granted on November 27, 2006, by this Court, is **DISSOLVED** and the claims contained in the petition for writ of habeas corpus are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Carter a certificate of appealability and leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous. *See* Fed.R.App.P. 24(a).


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 30, 2010

I hereby certify that a copy of the foregoing document was served upon Vincent Carter, Reg. No. 177803, Bellamy Creek Correctional Facility, 1727 W. Bluewater Hwy., Ionia, MI 48846 and counsel of record on June 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager