UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARTER, #177803,

        Petitioner,

v.                                              Case Number: 04-CV-74564
                                                Honorable Denise Page Hood

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER DENYING
MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)**

On November 22, 2004, Petitioner Vincent Carter filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his convictions for felony murder and felony firearm. He was sentenced to life in prison for the felony murder conviction and the mandatory two years in prison for the felony firearm conviction. On November 27, 2006, this Court entered an Opinion and Order conditionally granting Carter's Habeas Petition on the following grounds: (1) trial counsel was ineffective for failing to object to the trial court's failure to re-read the requested trial transcripts to the jury, and (2) appellate counsel was ineffective for failing to argue on appeal that trial counsel was ineffective for failing to object. *Carter v. Wolfenbarger*, No. 04-CV-74564-DT, 2006 WL 3446205 (E.D. Mich. Nov. 27, 2006). Because the Court granted Carter habeas relief on those claims, it believed it unnecessary to address his remaining claims. *Id.* at 9.

Subsequently, Respondent filed an appeal from the Court's decision conditionally granting Petitioner's Habeas Petition with the United States Court of Appeals for the Sixth Circuit. On October 2, 2009, the Sixth Circuit reversed the Court's conditional grant of the Writ and remanded the matter for further proceedings, finding that Carter's due process rights

were not violated, that trial counsel had the authority to waive the issue, and that trial and appellate counsel were not ineffective.[1]  *Carter v. Wolfenbarger*, 347 F.App'x 205, at *5-9 (6th Cir. 2009).

On remand, this Court addressed all of Carter's issues, finding them procedurally defaulted and that Carter failed to establish cause and prejudice for the default.  *Carter v. Wolfenbarger*, No. 04-CV-74564, 2010 WL 2650053, at *2-6 (6th Cir. June 30, 2010).

Through counsel, Carter has now filed a Motion to Alter or Amend the Judgment, under Fed.R.Civ.P. 59(e).  In his Motion, Carter requests that the Court amend its Judgment to prevent manifest injustice and grant the Writ on the following claim: trial counsel committed perjury while testifying in a *Ginther* hearing.[2]  For the reasons stated below, Carter's Motion is denied.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  The decision of whether to grant relief under Rule 59(e) is discretionary with the district court.  *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).  A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow

---

[1] This Court adopts the statement of facts from Carter's case as recited in its original Opinion and Order granting habeas relief.  *Carter*, 2006 WL 3446205, at *1-4.  Those facts were essentially adopted by the Sixth Circuit in its opinion as well.  *Carter*, 347 F.App'x at 206-09.

[2] *People v. Ginther*, 390 Mich. 436, 323 N.W.2d 922 (1973).  A *Ginther* hearing is a post-conviction evidentiary hearing in the trial court, the purpose of which is to establish the facts that could prove a claim of constitutionally ineffective assistance of counsel.

circumstances: to accommodate an intervening change in controlling law, to account for new evidence which was not available at trial, to correct a clear error of law or to prevent manifest injustice. *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Ind., Inc.*, 86 F.Supp.2d 721, 726 (E.D. Mich. 2000) (citations omitted). In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id.* (internal quotation, emphasis, and citations omitted).

Pursuant to Easter District of Michigan Local Rule 7.1(h), a motion to alter or amend judgment brought by a prisoner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration. *Hence v. Smith*, 49 F.Supp.2d 547, 550 (E.D. Mich. 1999). Local Rule 7.1(h) allows a party to file a motion for reconsideration within fourteen days after entry of the judgment or order. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *Flanagan v. Shamo*, 111 F.Supp.2d 892, 894 (E.D. Mich. 2000). "The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E. D. Mich. LR 7(h)(3). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997).

Carter's Motion under the local rule is untimely but is timely under Rule 59(e). Therefore, the Court addresses his Motion under Rule 59(e).

## II. DISCUSSION

### A. Carter's Direct Appeal

Carter alleges that his trial counsel committed perjury at the *Ginther* hearing when he "claimed to have seen but strategically chosen not to use at trial Petitioner's prison grievance report, but Petitioner has new evidence that shows counsel could not have received the grievance report before his sentencing." Pet'r's Mot. to Alter or Amend at 1. On remand, the Court held that this claim was procedurally defaulted and that Carter failed to establish cause and prejudice for the default. Carter alleges that the Court erred in ruling that his ineffective assistance of counsel claim was procedurally defaulted. The Court finds that its ruling was not in error. The procedural history is as follows.

After Carter filed his direct appeal on October 3, 1996. A breakdown with appointed counsel occurred, new counsel was appointed. His brief on appeal was eventually filed on November 14, 1997. Because of another breakdown in the attorney-client relationship with Carter's new counsel, counsel petitioned to withdraw. Counsel's motion was granted on March 5, 1998, and, once again, new counsel was appointed on March 30, 1998.

On October 27, 1998, Carter subsequently filed a *pro per* motion for leave to file a supplemental brief, attempting, *inter alia*, to raise his ineffective assistance of counsel claim relating to trial counsel's perjury at the *Ginther* hearing. The Court of Appeals returned his brief and denied the motion. *People v. Carter*, No. 199979 (Mich. Ct. App. Nov. 5, 1998). His motion for reconsideration of that order was also denied. Carter's claim, that counsel was ineffective because he perjured himself at the *Ginther* hearing, was not addressed by the Court of Appeals during his direct appeal.

In addressing Carter's other ineffective assistance of counsel claims raised on direct appeal, the Court of Appeals stated:

4

> Defendant first argues that he was denied his due process rights to a fair trial and effective assistance of counsel because counsel failed to investigate various witnesses, conduct sufficient discovery, and present certain evidence.
>
> We have reviewed both the trial and *Ginther* hearing records and find that defendant has failed to overcome the strong presumption that the actions of his trial attorney constituted sound trial strategy. Therefore, defendant has not shown that counsel's performance was below an objective standard of reasonableness under prevailing professional norms and, thus, he was not denied the effective assistance of counsel.

*People v. Carter*, No. 199979, 1998 WL 1988419, at *1 (Mich. Ct. App. Dec. 1998).

There is no indication that the Court of Appeals addressed the ineffective assistance of counsel claim relative to trial counsel's perjury. The Court adheres to its decision, concluding that the claim is procedurally defaulted.

### B. Procedural Default and Post-Conviction Motion

A claim is procedurally barred if the state court enforces a state procedural rule as an adequate and independent ground to deny relief of a federal constitutional claim. *See Carter v. Mitchell*, 443 F.3d 517, 537-38 (6th Cir. 2006). In that event, the court's "discussion of the merits of the claim will not disturb the procedural bar." *Id.* at 538 (internal quotation marks omitted).

Carter first raised this issue when he filed his post-conviction motion with the state trial court. The trial court issued a reasoned order denying relief to Carter. *People v. Carter*, No. 96-002619 (Third Circuit Court Criminal Division Wayne County, May 21, 2002). Carter subsequently filed appeals from that decision with both state appellate courts. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal in orders that cited Michigan Court Rule 6. 508(D). *People v. Carter*, No. 248630 (Mich. Ct. App. Sept, 4, 2003); *People v. Carter*, 470 Mich. 855, 679 N.W.2d 73 (2004).

Recently, the Sixth Circuit Court of Appeals in *Guilmette v. Howes*, 624 F.3d 286 (6th

5

Cir. 2010) (en banc), stated: "Because the form orders [] citing 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained." *Id.* at 291. Therefore, the Court must "look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Carter's claims. *Id.* In this case, the Court must refer to the state trial court's order denying relief from judgment.

> The state trial court denied the motion, stating:
>
> Defendant proceeded in pro per with his claim of ineffective assistance of counsel; he filed the Motion for New Trial on this basis and he actually conducted most of the direct examination of his trial counsel. Defendant attached a number of documents to his Motion for New Trial. This shows that Defendant was able to procure a number of documents from the Michigan Department of Correction [sic] for the evidentiary hearing. He is now trying to use some [of] the same documents to show that his trial counsel perjured himself. Defendant's problem is that this is not newly discovered evidence. Nor is the evidence newly discovered where the defendant was in possession of it before trial but did not realize its relevance. The fact that Defendant has more documents from the Michigan Department of Justice attached to his Motion for Relief from Judgment that were not attached to his Motion for New Trial, does not make them newly discovered evidence. Here, Defendant had the wherewithal to obtain documents from the Michigan Department of Corrections, therefore the fact that he did not obtain others is a lack of diligence that rests with him.

*Carter*, No. 96-002619, at *7 (citations omitted).

Additionally, the trial court, in addressing Carter's claim under *Strickland v. Washington*, 466 U.S. 668 (1984), stated:

> The Michigan Court of Appeals introduced the *Strickland* standard in *People v. Dalessandro*. The Michigan Supreme Court formally adopted the *Strickland* standard for Michigan in *People v. Pickens*. Under Michigan law, "counsel's ineffective assistance must be found to have been prejudicial in order to reverse an otherwise valid conviction."
>
> To these ends, defendant has not rebutted the presumption of effective assistance of counsel. The issues of ineffective assistance of counsel complained of by Defendant seem to be part of purposeful trial strategy, rather than counsel mistakes. This Court will not second-guess the strategies of trial

6

> counsel.
>
> Furthermore, Defendant raised ineffective assistance of counsel in his appeal of right to the Michigan Court of Appeals. This argument was rejected by the Court of Appeals. An Appellate Court's decision on a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case.
>
> Further, it appears Defendant has added new ineffective assistance of counsel issues to this Motion that were left out of his argument to the Court of Appeals. Defendant had every opportunity to raise any issue he had regarding this claim at that time. Defendant has not shown "good cause" as to why these issues were not raised previously on appeal or "actual prejudice" resulting from the alleged irregularities as required by MCR 6.508D(3)(a)(b).

*Carter*, No. 96-002619, at *9-10 (internal citations omitted).

The trial court, although addressing the claim, referred to M.C.R. 6.508(D)(3) as a basis for denying relief. The fact that the trial court addressed the claim does not change the adequate and procedural character of its procedural holding. *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006). As a result, Carter must establish "cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).

Carter also argued that his appellate counsel was ineffective for failing to raise this issue. "Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel." *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003). Carter presented the same argument, appellate-counsel ineffectiveness, as an independent claim before this Court and, on remand, the Court rejected the claim. The Court does not view its merits differently now. Carter "cannot rely upon ineffective assistance of appellate counsel as cause to excuse . . . the procedural default." *Willis*, 351 F.3d at 746.

If Carter's newly-discovered evidence supported a credible claim of actual innocence, it could excuse his procedural default in order to avoid a miscarriage of justice. *See Schulp*

*v. Delo*, 513 U.S. 298, 314-17 (1995). To show that his case is the "extraordinary" one warranting application of this exception, Carter must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 321, 327.

The Court finds that Carter's new evidence is not the kind of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that is typically necessary to obtain this relief. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (internal quotation marks omitted); *see also id.* at 571-77. The exception cannot be applied here. The Court adheres to its position, finding Carter's ineffective assistance of counsel claim regarding trial counsel's alleged perjury procedurally defaulted.

### C. Merits of Claim and *Ginther* Hearing

Even if the Court were to find that the claim was not procedurally defaulted, it would nevertheless find the claim to be without merit.

The recent United States Supreme Court decision, *Harrington v. Richter*, __U.S. __, 131 S.Ct. 770 (2011), supplies further support for denying Carter's ineffective assistance of counsel claim:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 [](1997), and when the two apply in tandem, review is "doubly" so []. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* at 788 (internal citations omitted); *see also Padilla v. Kentucky*, __U.S.__, 130 S.Ct. 1473, 1485 (2010) ("Surmounting *Strickland's* high bar

8

is never an easy task.").

### 1. *Ginther* Hearing

A *Ginther* hearing was held to assess the effective assistance of counsel at trial. At the hearing, there was a finding that defense counsel provided effective assistance. Carter represented himself, although counsel was available for consultation.

The states's key witness in this case was Norman Mackin, an inmate who at one time shared a cell with Carter and claimed that Carter confessed to him while in prison. The prosecution argued that the details Mackin knew could have only come from Carter's confession. The defense's strategy was to show that Mackin had received that information not from Carter's confession, but from other sources, including some documents Carter had in prison.

At the *Ginther* hearing, Carter personally examined his trial counsel on one document that he believed could have proven that Mackin learned about his case by reading his documents, specifically a grievance report detailing information that Carter wanted the Michigan Department of Corrections ("MDOC") to remove from his file. Carter claimed that the document was newly-discovered evidence demonstrating that defense counsel perjured himself at the *Ginther* hearing.

The Court finds that the document, even if considered newly-discovered evidence, would not have shown that Carter was innocent of the crime for which he was convicted. At the *Ginther* hearing, defense counsel testified that he had made eight or nine Freedom of Information Act requests from the MDOC. He said he reviewed and talked about what he had received with Carter. He did not use the information obtained because Mackin denied reading Carter's files and testified to facts at trial that were not contained in the reports, such as the sawed-off shotgun and the fact that Carter told him that he "popped him [the victim] in

the cooler." *Ginther* Hr'g Tr. 13, May 30, 1997. With that in mind, even if Carter's counsel had the information at issue, he fails to demonstrate its relevance.

In addressing and denying this claim in Carter's motion for relief from judgment, the trial court found that because Carter had the wherewithal to obtain certain documents from the MDOC and did not obtain others, he demonstrated a lack of diligence. *Carter*, No. 96-002619, at *7-8 (citations omitted). The Court went on to deny his newly-discovered-evidence claim under M.C.R. 6.508(D)(2).

### III. CONCLUSION

For the reasons discussed above, the Court finds that none of the arguments advanced by Carter in support of his Motion satisfy the standards under which Rule 59(e) motions may be granted. He does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Carter's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted–that evidence not previously available suddenly has become available. Carter has failed to show entitlement to relief under Rule 59(e).

Accordingly,

**IT IS ORDERED** that "Petitioner's Motion to Alter or Amend Summary Judgment Under Rule 59" [Dkt. # 59, filed on July 28, 2010] is **DENIED**.

s/Denise Page Hood<br>
Denise Page Hood<br>
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this

date, March 28, 2011, by electronic and/or ordinary mail.

                                                <u>s/Felicia Moses for LaShawn R. Saulsberry</u>
                                                Case Manager, (313) 234-5165