UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARTER #177803,

      Petitioner,

v.
                                      CASE NO. 04-CV-74564-DT
                                      HON. DENISE PAGE HOOD

WARDEN WOLFENBARGER,

      Respondent.
_____/

**ORDER DENYING RULE 60(d) MOTION,
MOOTING MOTIONS FOR EVIDENTIARY HEARING
AND TO APPOINT COUNSEL and
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.    BACKGROUND**

This matter is before the Court on various post-judgment motions filed by Petitioner Vincent Carter. Petitioner was convicted by a jury of felony murder in 1996. This Court initially granted a Conditional Writ of Habeas Corpus based on ineffective assistance of counsel, which was reversed by the Sixth Circuit Court of Appeals. (ECF Nos. 27, 52, 53) On remand, this Court denied Petitioner's petition and a certificate of appealability. (ECF No. 56) The Sixth Circuit thereafter entered an order denying Petitioner's application for a COA. (ECF No. 63) On October 9,

2012, the United States Supreme Court denied the petition for a writ of certiorari filed by Petitioner. (ECF No. 65)

## II. ANALYSIS

### A. Rule 60(d)

Petitioner filed a motion under Rule 60(d) of the Rules of Civil Procedure, seeking an independent action based on fraud on the court. While Rule 60(b) is generally a party's exclusive avenue when seeking relief from a final judgment or order, *see United States v. Beggerly*, 524 U.S. 38, 46 (1998), Rule 60(d) provides a "savings clause, preserving the law before its enactment in 1946, that allows judgments to be attacked without regard to the passage of time[.]" *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir.2006); *Marcelli v. Walker*, 313 F. App'x 839, 842 (6th Cir. 2009). Rule 60(d) provides:

> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> (3) set aside a judgment for fraud on the court.

Fed.R.Civ.P. 60(d).

### B.   Rule 60(d)(1), Independent Action

Independent actions for relief under this section "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustice which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Beggerly*, 524 U.S. at 46 (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244 (1944))  The elements of such an independent cause of action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir.1987) (citations omitted). Relief through an independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir.1973).

After review of Petitioner's submissions, the Court finds he failed to present "unusual and exceptional circumstances" for an independent cause of action.  This Court's previous rulings have been reviewed by the Sixth Circuit Court of Appeals, and, the United States Supreme Court declined to review the rulings.

Applying the elements for independent action, as to the first element, the Court does not find that the judgment dismissing the habeas petition should not be enforced. Regarding the second element, Petitioner has raised arguments as to why his conviction should not be overturned, but those arguments have been dismissed by the State court, this Court and the Sixth Circuit Court of Appeals. There has been no showing that fraud, accident, or mistake prevented Petitioner from raising any issues as to his conviction–the third element has not been met. As to the absence of fault or negligence on the part of Petitioner–the fourth element–as noted by this Court and the Sixth Circuit Court of Appeals, some of the claims were dismissed for procedural default by Petitioner. There has been no absence of any adequate remedy at law because Petitioner was able to appeal his conviction through the State courts, file a habeas petition before this Court, appeal this Court's decisions to the Sixth Circuit Court of Appeals, and apply for writ of certiorari before the United States Supreme Court; the fifth element has not been met. Petitioner's request for an independent cause of action is denied.

### C. Rule 60(d)(3), Fraud on the Court

Petitioner's motion also seeks relief to set aside the judgment for fraud on the court under Rule 60(d)(3). The Sixth Circuit Court of Appeals has described the requisite "fraud on the court" as "'egregious conduct involving a corruption of the

judicial process itself.'" *Gen. Medicine, P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012)(quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2870). A movant seeking to establish fraud sufficient to warrant relief under Rule 60(d) must present clear and convincing evidence of: (1)[conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010); *Carter v. Anderson*, 585 F.3d 1007, 1011-12 (6th Cir. 2009).

      This Court concludes that Petitioner failed to show that there was fraud on the court so egregious which involved a corruption of the judicial process. Petitioner has not submitted clear and convincing evidence of any fraudulent conduct by an officer of the court, that was directed to the judiciary, which was intentionally false or wilfully blind to the truth, or in reckless disregard of the truth, which the officer had a duty to disclose and which deceived the court. Petitioner rehashes arguments and reasons why his conviction should be set aside. Those argument have been addressed and rejected by the State court, this Court and the Sixth Circuit Court of Appeals. Petitioner has not met the standard that he is entitled to relief under Rule 60(d)(3).

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Petitioner's Motion for an Independent Action in Equity to Set Aside this Court's Judgment (ECF No. 68) is DENIED.

IT IS FURTHER ORDERED that the Motion for Evidentiary Hearing (ECF No. 66) is DENIED as MOOT.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 67) is DENIED as MOOT.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability with respect to this decision, as jurists of reason would not disagree with this Court's ruling. 28 U.S.C. § 2253(c)(2); *see Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005).

s/Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2022